**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LEE N. BANNISTER, | DOCKET NUMBER |
| Appellant, | PH-0845-15-0297-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: December 8, 2015 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lee N. Bannister, Butler, Pennsylvania, pro se.

Cynthia Reinhold, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant's last day in pay status as a Federal employee was in April 2008. Initial Appeal File (IAF), Tab 6 at 48. He applied for disability retirement under the Federal Employees' Retirement System (FERS) in August 2008. *Id*. at 40-42. He was approved for Social Security Administration (SSA) disability benefits effective September 2008. *Id*. at 39. In December 2008, OPM informed the appellant that his disability retirement application was approved. *Id*. at 14. He received benefits retroactive to April 2008, including a lump sum for the retroactive benefits. *Id*. at 32, 37. At that point, OPM also informed the appellant that he was required to apply for SSA disability benefits and that, if he was awarded such benefits, he should immediately notify OPM of the amount and effective date of the monthly benefit. *Id*. at 14. OPM further informed the appellant that his SSA checks should not be negotiated until his FERS benefit was reduced to take into account his receipt of SSA benefits because the SSA checks would be needed to reimburse OPM for the reduction

that should have been made in his FERS annuity.  *Id*. at 15.  OPM also described how his annuity would be reduced.  *Id.*

¶3        In April 2012, approximately 40 months after OPM approved the appellant's disability retirement application, OPM informed the appellant that he had received an overpayment of FERS benefits for the period from September 2008 through the end of March 2012 in the amount of $45,003.00 because he had received a FERS annuity during that period without the required reduction for his SSA benefits.  IAF, Tab 6 at 25.  OPM proposed to collect the overpayment in 682 monthly installments of $65.94 and a final installment of $31.92.  *Id*.  In May 2012, the appellant submitted a reconsideration request regarding the proposed collection and checked the boxes for reconsideration of both the amount or existence of the overpayment and waiver of the overpayment.  *Id*. at 18.  In support of his request, he asserted, inter alia, that:  he was not aware of the overpayment, the overpayment is a great amount, he is a completely disabled veteran, and the overpayment was incurred over a long time period.  *Id*. at 19.  In December 2014, OPM replied to the appellant's reconsideration request and afforded him the opportunity to submit an updated financial resources questionnaire (FRQ).  *Id*. at 52-53.  The appellant did so in December 2014, *id*. at 20-22, and OPM issued its reconsideration decision in March 2015, *id*. at 10-13.  In the reconsideration decision, OPM affirmed the overpayment amount, denied the appellant's waiver request, and reiterated the previously stated collection schedule.  *Id*.

¶4        The appellant filed a Board appeal challenging OPM's reconsideration decision.  IAF, Tab 1.  He did not dispute the existence or amount of the overpayment.  *Id*.  Instead, he asserted, among other things, that he did what he was supposed to do by contacting OPM upon being notified by the SSA administrative law judge of his receipt of benefits, but that OPM failed to contact him concerning the overpayment until approximately 4 years after the approval of his SSA benefits.  *Id*.  He also asserted that OPM made various errors including

not returning his telephone calls and sending a denial letter in an unsealed envelope. *Id.* The appellant requested a hearing. *Id.* The administrative judge issued an acknowledgment order informing the parties of their respective burdens of proof regarding the overpayment. IAF, Tab 2. OPM responded that: (1) the overpayment arose when the appellant's FERS benefits were not reduced upon his receipt of SSA disability benefits; (2) the evidence indicates that the appellant was aware that his receipt of SSA benefits would result in an overpayment collectible by OPM; (3) based upon review of the appellant's FRQ, collection of the overpayment would not be unconscionable; and (4) in settlement of the appeal, it would accept reimbursement of the overpayment in full or based upon the previously offered repayment schedule. IAF, Tab 6 at 4-5.

¶5 After holding the requested hearing, IAF, Tab 11, Hearing Compact Disc, the administrative judge issued an initial decision affirming OPM's reconsideration decision, IAF, Tab 12, Initial Decision (ID). The administrative judge found that the set-aside rule applied and that the appellant was not entitled to a waiver of the overpayment. ID at 4. Specifically, he found that the appellant was informed of the set-aside rule in OPM's December 2008 letter and that, under the circumstances of the case, OPM's recovery of the overpayment was not against equity and good conscience. ID at 4. The administrative judge also found that the appellant was not entitled to a repayment schedule adjustment. ID at 4-5.

¶6 The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 1. He asserts that: (1) he informed OPM in a telephone call that he had been approved for SSA benefits; (2) the overpayment should be waived because he assumed OPM would have adjusted his annuity and because OPM made a variety of mistakes and lacked professionalism over the years; (3) the Board should consider that the Department of Veterans Affairs (VA), Board of Veterans' Appeals (BVA) found him without fault in an overpayment case; and (4) the administrative judge did not allow him to present evidence concerning the number of times he attempted to contact OPM, OPM's negligent acts, or OPM's

unprofessionalism, and appeared uninterested in thoroughly reviewing his case. PFR File, Tab 1 at 4-5. OPM has responded in opposition to the petition for review. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7    OPM bears the burden of proving the existence and amount of an overpayment by preponderant evidence.[2] *Vojas v. Office of Personnel Management*, 115 M.S.P.R. 502, ¶ 10 (2011); *see* 5 C.F.R. § 845.307(a). If the appellant claims that he is entitled to a waiver of the overpayment, he has the burden of proving, by substantial evidence, that he is entitled to a waiver.[3] *Vojas*, 115 M.S.P.R. 502, ¶ 18; *see* 5 C.F.R. § 845.307(b). Generally, the recovery of a FERS overpayment should be waived if the recipient is without fault and recovery would be against equity and good conscience. *Boone v. Office of Personnel Management*, 119 M.S.P.R. 53, ¶ 5 (2012); *see* 5 U.S.C. § 8470(b); *see also* 5 C.F.R. § 845.301.

¶8    If an individual knows or suspects that he or she is receiving an overpayment, OPM policy provides that the individual is expected to set aside the amount overpaid pending recoupment and that, in the absence of exceptional circumstances, recovery in these cases is not against equity and good conscience. *OPM's Policy Guidelines on the Disposition of Overpayments under the Civil Service Retirement System and FERS* § 1.C.4. (hereinafter *Policy Guidelines*, located at IAF, Tab 6 at 58-90); *see Slater v. Office of Personnel Management*, 42 M.S.P.R. 510, 516-17 (1989) (finding the set-aside rule "reasonable and appropriate"). The set-aside rule goes to the question of whether

---

[2] A preponderance of the evidence is that degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[3] Substantial evidence is defined as the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. § 1201.4(p). This is a lower standard of proof than preponderance of the evidence. *Id*.

recovery would be against equity and good conscience. *See Knox v. Office of Personnel Management*, 107 M.S.P.R. 353, ¶ 8 (2007).

¶9 Assuming, without deciding, that the appellant was without fault in the overpayment, we find that the appellant has failed to establish that he is entitled to a waiver because he should have set aside the overpayments to repay the debt.[4] In December 2008, OPM informed the appellant that he should immediately notify OPM of the amount and effective date of his SSA benefits and that his SSA checks should not be negotiated until his FERS benefit was reduced because the SSA checks would be needed to reimburse OPM for the reduction that should have been made in his FERS annuity. IAF, Tab 6 at 14-15. We find that this notification by OPM provided the appellant with sufficient notice that he should have set aside the SSA checks to repay OPM. *See Gulan v. Office of Personnel Management*, 86 M.S.P.R. 16, ¶¶ 2, 9 (2000). OPM also informed the appellant of how it would calculate the overpayment that he would incur during the first 12 months after his retirement and thereafter. IAF, Tab 6 at 15. In doing so, we find that OPM informed the appellant that any additional overpayment incurred between the period when his SSA benefits became effective in September 2008 until the issuance of the letter in December 2008 would be taken out of the lump sum of FERS benefits he received in December 2008, which covered the period from the retroactive effective date of his FERS benefits in April 2008 until his approval for disability retirement. Therefore, we find that the appellant began receiving the overpayment in December 2008 for the period beginning in

---

[4] On review, the appellant asserts that he called OPM after he was approved for SSA benefits. PFR File, Tab 1 at 4. The administrative judge found that the record did not show that the appellant ever notified OPM that he began receiving SSA benefits. ID at 4. We need not decide this matter to the extent that it relates to whether the appellant was without fault in incurring the overpayment, however, because, regardless of whether he was without fault, we find that he should have set aside the overpayment. *See Knox*, 107 M.S.P.R. 353, ¶¶ 7-9 (holding that the appellant was without fault but finding that she still was not entitled to a waiver because she should have set aside the overpayment).

September 2008, and he was aware that he would need to set aside monies from his SSA benefits and OPM lump sum. Under the particular circumstances in this case, we find that recovery of the overpayment would not be against equity and good conscience and that the appellant is therefore not entitled to a waiver of the overpayment. *See Knox*, 107 M.S.P.R. 354, ¶¶ 2, 9 (finding that the appellant was not entitled to a waiver based upon exceptional circumstances of an overpayment incurred when she received interim disability annuity payments from OPM covering a period of approximately 3 months when she was not entitled to the payments).

¶10 Below, the appellant submitted a BVA decision finding that it would be unfair to recover the overpayment of VA benefits from him because he was without fault in creating the overpayment. IAF, Tab 4. He argues on review that this decision demonstrates that he lacked knowledge of the OPM overpayment. PFR File, Tab 1 at 5. However, we fail to see how the BVA decision relates to the current appeal, including whether he was aware of the OPM overpayment, particularly because the BVA decision concerns an overpayment of VA benefits and the current appeal concerns an overpayment of FERS benefits. Thus, we find that the BVA decision is irrelevant as to whether the appellant knew he was receiving an overpayment from OPM.

¶11 Finally, the appellant challenges the initial decision on the grounds that the administrative judge hurried his case, was not interested in reviewing it thoroughly, and did not allow him to present evidence regarding his numerous attempts to contact OPM and OPM's negligence and unprofessionalism. PFR File, Tab 1 at 5. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Thompson v. Department of the Army*, 122 M.S.P.R. 372, ¶ 29 (2015). The mere fact that an administrative judge rules against a party does not establish bias. *Id.* We find that the appellant's bare assertions do not meet the high standard for establishing bias. We discern no

reversible error by the administrative judge.  The appellant also has not shown how any disallowed evidence would have affected the outcome of the case.  Thus, we find that he has not established that the administrative judge abused his broad discretion in excluding evidence.[5]  *Hooper v. Department of the Interior*, 120 M.S.P.R. 658, ¶ 21 (2014).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

> United States Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of

---

[5] The appellant does not dispute the administrative judge's finding that he is not entitled to an adjustment of the repayment schedule.  ID at 4-5.  We see no reason to disturb this finding.

particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.